**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL DIAZ-TORRES, | Nos. 18-70141 |
| Petitioner, | 18-72700 |
| v. | Agency No. A089-247-266 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2020**
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Miguel Diaz-Torres petitions for review of the Board of Immigration

Appeals ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial

of his applications for asylum, withholding of removal, and relief from removal

under the Convention Against Torture ("CAT relief"). We deny the petitions for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.[1]

1.    Mr. Diaz-Torres's claims to asylum and withholding of removal based on family membership and his supposed "anti-government" political opinion fail because he has not shown that any of the harms caused by cartel members occurred "because of" his social group or political opinion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Mr. Diaz-Torres does not know whether the violence directed at his family members was in any way tied to him or his family. And he never testified that he was personally targeted by the cartel because of his political opinion or that the cartel members knew what his political opinion was. Substantial evidence therefore supports the agency's conclusion that Mr. Diaz-Torres did not establish the requisite nexus to these two protected grounds.

2.    Substantial evidence supports the agency's determination that Mr. Diaz-Torres could relocate outside the zone of cartel influence to avoid potential torture in the future for purposes of CAT relief. *See* 8 C.F.R. § 1208.16(c)(3)(ii). Although Mr. Diaz-Torres's expert testified that Mr. Diaz-Torres was likely to be tortured regardless of where he lived in Mexico because the cartels could find him, other evidence contradicted the expert's opinion, including the long period of time since Mr. Diaz-Torres last saw members of the cartel and the fact that Mr. Diaz-

---

[1] Mr. Diaz-Torres's claims based on the proposed social group of Mexican professionals or agronomists who refuse to cooperate with narcotraffickers are addressed in a concurrently-filed opinion.

2

Torres was not sought out during a previous six-month stay in his home city. Because a "reasonable adjudicator" would not be "compelled" to conclude that Mr. Diaz-Torres could not safely relocate within Mexico based on this evidence, substantial evidence supports the agency's conclusion. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal quotation marks and citation omitted).

3.　We likewise agree with the BIA that the proceedings before the IJ did not violate Mr. Diaz-Torres's due process rights. The agency provided a reasoned analysis of the expert testimony offered by Mr. Diaz-Torres—referencing the testimony multiple times in its decision—and acted as a neutral fact finder in doing so. Moreover, Mr. Diaz-Torres has not shown that the handful of translation and transcription errors he points to—none of which could have led to any misunderstanding when read or heard in context—affected his ability to present his case or prejudiced him. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Finally, any mistake in the materials included in the administrative record as sent to Mr. Diaz-Torres's attorney did not prejudice Mr. Diaz-Torres because there is no dispute that the agency had access to the full record in reaching its conclusions. Nor has Mr. Diaz-Torres argued that anything in materials supposedly missing would have changed the agency's decision. *See id*.

4.　The BIA did not abuse its discretion in denying Mr. Diaz-Torres's

motion to reconsider and motion to reopen. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013) (motion to reopen); *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008) (motion to reconsider). The motion to reconsider was untimely, so the BIA was within its discretion to deny it. *See* 8 U.S.C. § 1229a(c)(6)(B). And the evidence presented in the motion to reopen— which highlighted additional cartel-related violence in Mexico—did not meet the requirements for reopening because it was not "qualitatively different from the evidence presented at the previous hearing." *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (internal quotations marks omitted).

**PETITIONS FOR REVIEW DENIED.**